AO 245 SOR   NNY (Rev. 09/15) Judgment in a Criminal Case   Not for Public Disclosure
Attachment (Page 1) — Statement of Reasons

| | |
|---|---|
| DEFENDANT: | Ergys Metashi |
| CASE NUMBER: | DNYN515CR000135-001 |
| DISTRICT: | Northern District of New York |

# STATEMENT OF REASONS
(Not for Public Disclosure)

*Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony and Class A misdemeanor cases.*

**I.  COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A. ☒ **The court adopts the presentence investigation report without change.**

B. ☐ **The court adopts the presentence investigation report with the following changes:** *(Use Section VIII if necessary)*
   *(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report)*

   1. ☐ **Chapter Two of the United States Sentencing Commission Guidelines Manual** determinations by court: *(briefly summarize the changes, including changes to base offense level, or specific offense characteristics)*

   2. ☐ **Chapter Three of the United States Sentencing Commission Guidelines Manual** determinations by court: *(briefly summarize the changes, including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility)*

   3. ☐ **Chapter Four of the United States Sentencing Commission Guidelines Manual** determinations by court: *(briefly summarize the changes, including changes to criminal history category or scores, career offender status, or criminal livelihood determinations)*

   4. ☐ **Additional Comments or Findings:** *(include comments or factual findings concerning any information in the presentence report, including information that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions; any other rulings on disputed portions of the presentence investigation report; identification of those portions of the report in dispute but for which a court determination is unnecessary because the matter will not affect sentencing or the court will not consider it)*

C. ☐ **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**
   Applicable Sentencing Guideline: *(if more than one guideline applies, list the guideline producing the highest offense level)* _____

**II.  COURT FINDINGS ON MANDATORY MINIMUM SENTENCE** *(Check all that apply)*

A. ☒ One or more counts of conviction carry a mandatory minimum term of imprisonment and the sentence imposed is at or above the applicable mandatory minimum term.

B. ☐ One or more counts of conviction carry a mandatory minimum term of imprisonment, but the sentence imposed is below the mandatory minimum term because the court has determined that the mandatory minimum term does not apply based on:
   ☐ findings of fact in this case: *(Specify)*
   ☐ substantial assistance *(18 U.S.C. § 3553(e))*
   ☐ the statutory safety valve *(18 U.S.C. § 3553(f))*

C. ☐ No count of conviction carries a mandatory minimum sentence.

**III.  COURT DETERMINATION OF GUIDELINE RANGE:** *(BEFORE DEPARTURES OR VARIANCES)*

Total Offense Level:   12
Criminal History Category:   I
Guideline Range: *(after application of §5G1.1 and §5G1.2)*   36 months as required by statute
Supervised Release Range:   1 to 3 years
Fine Range: $   3,000 to $30,000

☒ Fine waived or below the guideline range because of inability to pay.

AO 245 SOR    NNY (Rev. 09/15) Judgment in a Criminal Case
              Attachment (Page 2) — Statement of Reasons                                                    Not for Public Disclosure

Case 5:15-cr-00135-BKS   Document 47 (Court only)   Filed 11/17/15   Page 2 of 4

DEFENDANT: Ergys Metashi
CASE NUMBER: DNYN515CR000135-001
DISTRICT: Northern District of New York

# STATEMENT OF REASONS

**IV. GUIDELINE SENTENCING DETERMINATION** *(Check all that apply)*

- A. ☒ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range does not exceed 24 months.
- B. ☐ The sentence is within the guideline range and the difference between the maximum and minimum of the guideline range exceeds 24 months, and the specific sentence is imposed for these reasons: *(Use Section VIII if necessary)*      .
- C. ☐ The court departs from the guideline range for one or more reasons provided in the Guidelines Manual.
       *(Also complete Section V)*
- D. ☐ The court imposed a sentence otherwise outside the sentencing guideline system (*i.e.*, a variance). *(Also complete Section VI)*

**V. DEPARTURES PURSUANT TO THE GUIDELINES MANUAL** *(If applicable)*

A. **The sentence imposed departs:** *(Check only one)*
   - ☐ above the guideline range
   - ☐ below the guideline range

B. **Motion for departure before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
   1. **Plea Agreement**
      - ☐ binding plea agreement for departure accepted by the court
      - ☐ plea agreement for departure, which the court finds to be reasonable
      - ☐ plea agreement that states that the government will not oppose a defense departure motion
   2. **Motion Not Addressed in a Plea Agreement**
      - ☐ government motion for departure
      - ☐ defense motion for departure to which the government did not object
      - ☐ defense motion for departure to which the government objected
      - ☐ joint motion by both parties
   3. **Other**
      - ☐ Other than a plea agreement or motion by the parties for departure

C. **Reasons for departure:** (*Check all that apply*)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.17 | High-Capacity Semiautomatic Weapon |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.20 | Aberrant Behavior |
| ☐ | 5H1.11 | Military Service | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5H1.11 | Charitable Service/Good Works | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.22 | Sex Offender Characteristics |
| ☐ | 5K1.1 | Substantial Assistance | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| ☐ | 5K2.0 | Aggravating/Mitigating Circumstances | ☐ | 5K2.11 | Lesser Harm | ☐ | 5K2.24 | Unauthorized Insignia |
| | | | | | | ☐ | 5K3.1 | Early Disposition Program (EDP) |

☐ Other Guideline Reason(s) for Departure, to include departures pursuant to the commentary in the Guidelines Manual: *(see "List of Departure Provisions" following the Index in the Guidelines Manual.) (Please specify)*

D. **State the basis for the departure.** *(Use Section VIII if necessary)*

DEFENDANT: Ergys Metashi
CASE NUMBER: DNYN515CR000135-001
DISTRICT: Northern District of New York

# STATEMENT OF REASONS

**VI. COURT DETERMINATION FOR A VARIANCE** *(If applicable)*

   A. **The sentence imposed is:** *(Check only one)*
      ☐ above the guideline range
      ☐ below the guideline range

   B. **Motion for a variance before the court pursuant to:** *(Check all that apply and specify reason(s) in sections C and D)*
      1. **Plea Agreement**
         ☐ binding plea agreement for a variance accepted by the court
         ☐ plea agreement for a variance, which the court finds to be reasonable
         ☐ plea agreement that states that the government will not oppose a defense motion for a variance
      2. **Motion Not Addressed in a Plea Agreement**
         ☐ government motion for a variance
         ☐ defense motion for a variance to which the government did not object
         ☐ defense motion for a variance to which the government objected
         ☐ joint motion by both parties
      3. **Other**
         ☐ Other than a plea agreement or motion by the parties for a variance

   C. **18 U.S.C. § 3553(a) and other reason(s) for a variance** *(Check all that apply)*
      ☐ The nature and circumstances of the offense pursuant to 18 U.S.C. § 3553(a)(1):
         ☐ Mens Rea      ☐ Extreme Conduct      ☐ Dismissed/Uncharged Conduct
         ☐ Role in the Offense      ☐ Victim Impact
         ☐ General Aggravating or Mitigating Factors: *(Specify)*

      ☐ The history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1):
         ☐ Aberrant Behavior      ☐ Lack of Youthful Guidance
         ☐ Age      ☐ Mental and Emotional Condition
         ☐ Charitable Service/Good Works      ☐ Military Service
         ☐ Community Ties      ☐ Non-Violent Offender
         ☐ Diminished Capacity      ☐ Physical Condition
         ☐ Drug or Alcohol Dependence      ☐ Pre-sentence Rehabilitation
         ☐ Employment Record      ☐ Remorse/Lack of Remorse
         ☐ Family Ties and Responsibilities      ☐ Other: *(Specify)*
         ☐ Issues with Criminal History: *(Specify)*

      ☐ To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense *(18 U.S.C. § 3553(a)(2)(A))*
      ☐ To afford adequate deterrence to criminal conduct *(18 U.S.C. § 3553(a)(2)(B))*
      ☐ To protect the public from further crimes of the defendant *(18 U.S.C. § 3553(a)(2)(C))*
      ☐ To provide the defendant with needed educational or vocational training *(18 U.S.C. § 3553(a)(2)(D))*
      ☐ To provide the defendant with medical care *(18 U.S.C. § 3553(a)(2)(D))*
      ☐ To provide the defendant with other correctional treatment in the most effective manner *(18 U.S.C. § 3553(a)(2)(D))*
      ☐ To avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6)) *(Specify in section D)*
      ☐ To provide restitution to any victims of the offense *(18 U.S.C. § 3553(a)(7))*
      ☐ Acceptance of Responsibility      ☐ Conduct Pre-trial/On Bond      ☐ Cooperation Without Government Motion for Departure
      ☐ Early Plea Agreement      ☐ Global Plea Agreement
      ☐ Time Served *(not counted in sentence)*      ☐ Waiver of Indictment      ☐ Waiver of Appeal
      ☐ Policy Disagreement with the Guidelines (*Kimbrough v. U.S.*, 552 U.S. 85 (2007): *(Specify)*

      ☐ Other: *(Specify)*

   D. **State the basis for a variance.** *(Use Section VIII if necessary)*

DEFENDANT: Ergys Metashi
CASE NUMBER: DNYN515CR000135-001
DISTRICT: Northern District of New York

# STATEMENT OF REASONS

**VII. COURT DETERMINATIONS OF RESTITUTION**

A. ☒ **Restitution not applicable.**

B. **Total amount of restitution:** $

C. **Restitution not ordered:** *(Check only one)*

1. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).
2. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).
3. ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).
4. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s)'(s) losses were not ascertainable (18 U.S.C. § 3664(d)(5)).
5. ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. §§ 1593, 2248, 2259, 2264, 2327 or 3663A, restitution is not ordered because the victim(s) elected to not participate in any phase of determining the restitution order (18 U.S.C. § 3664(g)(1)).
6. ☐ Restitution is not ordered for other reasons: *(Explain)*

D. ☐ **Partial restitution is ordered for these reasons:** *(18 U.S.C. § 3553(c))*

**VIII. ADDITIONAL BASIS FOR THE SENTENCE IN THIS CASE** *(If applicable)*

| | |
|---|---|
| Defendant's Soc. Sec. No.: None | Date of Imposition of Judgment: November 16, 2015 |
| Defendant's Date of Birth: March 25, 1981 | *Brenda K. Sannes* |
| Defendant's Residence Address: In U.S. Marshals Service custody | Brenda K. Sannes<br>U.S. District Judge |
| Defendant's Mailing Address: Same as above (Citizen of Albania) | Date Signed: November 17, 2015 |